IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BANK OF AMERICA, | ) |
| Plaintiff-Appellant, | ) Case Nos. 11 C 1635 |
| v. | ) 11 C 1637 |
| JAMES A. KNIGHT, | ) Judge Virginia M. Kendall |
| Defendant-Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff-Appellant Bank of America, N.A. ("Bank of America") appeals two orders entered by the bankruptcy court—(1) the January 13, 2011 grant of a Motion to Enforce; and (2) the January 26, 2011 Sanctions Order—and also contends that its due process rights were violated when the bankruptcy court refused to provide notice or an opportunity to respond before imposing sanctions pursuant to 28 U.S.C. § 1927. For the following reasons, the Court finds that the bankruptcy court imposed sanctions without allowing Bank of America a meaningful opportunity to respond and, accordingly, reverses the imposition of those sanctions. Because Bank of America has already filed its civil complaint in district court, its challenge to that portion of the Motion to Enforce is dismissed as moot.

## STATEMENT OF FACTS

Bank of America contends that Defendants-Appellees James Knight ("Knight") and his affiliated companies ("Knight Companies") defaulted on $34 million in financing obligations. While in bankruptcy proceedings, Bank of America filed a motion on November 12, 2010 to lift the automatic stay imposed by § 362(a) of the Bankruptcy Code and to permit Bank of America to name

Knight as a defendant in a new civil action relating to alleged misconduct when he was a director of the Knight Companies. Knight objected on November 26, 2010, arguing that the bankruptcy court should deny the motion to lift the stay because Bank of America failed to demonstrate that it had a "probability of prevailing on the merits" of the proposed case. Bank of America filed a reply to Knight's response on December 7; Knight filed a proposed sur-reply on December 10. The bankruptcy court held a hearing on the motion to lift the stay on December 14, 2010.

At the December 14th hearing, Knight argued that the court could not lift the automatic stay without a finding that Bank of America was likely to succeed on the merits. Knight further noted that Bank of America had yet to file a complaint setting forth the charges in the proposed civil action and that, as such, Knight did not "know what the claims are." (R. 14, Ex. I at 7:6-7.) Bank of America responded that the standard was not as Knight alleged and that its previous filings included the necessary letters regarding director and officer insurance and liability to sufficiently put the court and Knight on notice of the proposed charges. The court then asked Bank of America: "Is it your feeling that I can know exactly what you're talking about from your papers?" (*Id*. at 7:21-23.) Bank of America responded affirmatively, stating "I believe you can rule on it based upon the papers, Your Honor." (*Id*. at 8:5-6.) After further discussion, Bank of America stated that it was "prepared to file a complaint [in the proposed civil action], once we get relief, promptly." (*Id*. at 9:23-24.) Knight interjected, asking the court: "Don't you want to see the complaint, Judge?" The court responded that it did, stating that seeing the proposed complaint would make the court's "analysis a lot easier." (*Id*. at 10:1-8.) Noting that Bank of America had just declared that it was prepared to file the complaint as soon as the court issued its ruling, the court asked Bank of America if it would attach the complaint as an exhibit. (*Id*. at 10:9-11.) Bank of America responded that the complaint was

not "ready" but that it should be ready "in a day or two, and we can certainly file it." (*Id*. at 10:12-15.)

The court then set a briefing schedule and the clerk stated "December 24th for the complaint." (*Id*. at 11:11-12.) The court summarized the briefing schedule by stating: "December 24th for . . . a reply with, hopefully, a complaint attached so I can look at that." (12:14-16.) Knight's response brief was set for January 7th. (*Id*. at 12: 21-23.) The bankruptcy court then entered a minute order stating "Leave given Bank of America to file a reply or Complaint on or before December 24, 2010." (R. 14, Ex. J.)

After the hearing, Bank of America determined that there were additional claims and factual issues it needed to analyze before finalizing and publicly filing its complaint. Accordingly, on December 23, 2010, Bank of America filed a reply brief and submitted a draft version of the complaint to chambers for in camera review. In its reply, Bank of America cited Seventh Circuit precedent establishing that the complaint was not relevant to the court's analysis on the motion to lift the stay. Bank of America also alleged that "[s]ince the complaint has been prepared by counsel for Bank of America in anticipation of litigation, the complaint is subject to the work product privilege" that Bank of America did not wish to waive. (R. 14, Ex. K at 10.)

Knight corresponded with Bank of America and sought a copy of the complaint. Bank of America informed Knight that the complaint was not finalized and that, as such, it was submitted to the court for in camera review and not filed publicly.

On January 10, 2011, Knight filed a Motion to Enforce, arguing that the court should compel Bank of America to publicly file its draft complaint and that Knight was entitled to reimbursement for fees and expenses. Knight noticed his motion for January 13th.

3

On January 13, 2011, the bankruptcy court held a hearing and at the outset instructed Bank of America to "respond." (R. 14, Ex. B at 2:17.) The following colloquy ensued:

BANK: Well, Your Honor, I guess my first response is that I don't believe that you directed us to file a complaint. Your order quite clearly says –

COURT: Well, let's say I didn't. Let's say that it's not officially an order, okay? We all assumed you were going to supply the complaint. We were all going to have a chance to look at it. And then I set the response time based on that, okay? So setting aside the order, to me, you have multiplied the proceedings here, because if you were going to raise a privilege or something, you should have raised it then. You didn't. When that thing came in under seal, I was out of town, and I said, "what? Why?" I mean, I even remembered that that wasn't right. You didn't ask for leave to do it that way. You didn't ask to come in and rebrief it. You didn't ask to – you know, I mean, you – you know, I don't think you have a privilege anyway, by the way.

BANK: Your Honor –

COURT: So I think this whole thing is an unnecessary multiplication of proceedings. I won't necessarily say that you violated an order. I mean, it was clearly understood by everyone that this complaint was going to be produced and that Mr. Knight was going to get a chance to look at it and respond. That was clear.

BANK: Your Honor, when we were here on December 14th, we were here for a ruling on the motions that were pending, and Your Honor said that you weren't ready to rule. Mr. Knight filed, you know, another reply just before that date. The issue about the complaint was not pending that day. It came up during the course of the hearing. And yes, I didn't –

COURT: Okay. And if you got put on the spot, then you needed to come in immediately. You don't get to just disregard the understandings and do what you want, which is what you did. So I'm going to grant the motion. The complaint is going to be filed. And I'm going to ask you [Knight] to submit your time to bring this motion and your time calling up, because you gave them a chance, according to the allegations in your motion, to produce the complaint. And I understand that the bank had the transcript [of the December 14th hearing].

KNIGHT: Right.

COURT: So everything was well-known. So submit your time, and I'll take it under advisement.

4

KNIGHT: Your Honor, can we have a –

BANK: Your Honor –

KNIGHT: Oh, we'll just file it. We'll just take –

BANK: Your Honor, two things I'd like to address. One, I'd like time to respond to the motion. And, number two –

COURT: No. No. It's clear. There's nothing to argue here. It was fully understood by everyone that this complaint was going to be produced. And if you had an issue with it, if you had second thoughts on it, you needed to come in. You don't get to just do what you think you want to do and then everybody just accept it. I mean, I was like shocked when it was filed under seal –

BANK: Your Honor –

COURT: – because I knew that the whole idea was for them to look at it. So I'm not giving you a chance to respond. I'm not multiplying the proceedings more than –

BANK: Well –

COURT: – they've been multiplied in this case. The fees in this case are getting really high. And, you know, when things like this happen, we're going to stop it, okay?

(*Id*. at 2:18-5:20.) Bank of America then voluntarily withdrew its motion. The court ordered that Bank of America file its complaint "[t]omorrow. There's no reason why it can't be filed by tomorrow, the 14th [of January]." (*Id*. at 9:5-6.) The court instructed Knight to submit the time incurred in preparation for his motion and the court reiterated that "I'm not really giving them [Bank of America] a chance to respond" and cautioned Knight to be reasonable in the fees sought. (*Id*. at 9:12-17.)

The court entered Knight's Motion to Enforce and sanctioned Bank of America pursuant to 28 U.S.C. § 1927. The court concluded by telling Bank of America: "if I issue an award that you absolutely hate from a monetary standpoint, you can come in on that and argue why. But I'm not

5

likely to make it very, very large, but I am going to do something. So that's why I didn't really want to nit-pick through the hours and what you have. But I will give you an opportunity, if you can take a look at what I do, and respond to that. You can come in to vacate not on the basis of the ruling to assess something for the multiplication of the proceedings, but maybe on the amount, okay?" (*Id.* at 14:23-15:9.)

On January 14, 2011, Bank of America filed the unfinished complaint in the district court and, pursuant to Federal Rule of Civil Procedure 15, filed a final complaint in the district court on February 15, 2011.

On January 21, 2011, Knight filed an application for fees, requesting $6,515 in fees and costs. On January 26th, the court entered an order requiring Bank of America to reimburse Knight $4,000 for fees and costs. Bank of America paid Knight $4,000 on January 28, 2011.

## STANDARD OF REVIEW

This Court reviews legal decisions from a bankruptcy court de novo. *See Meyer v. Rigdon*, 36 F.3d 1375, 1378 (7th Cir. 1994); *Aetna Bank v. Dvorak*, 176 B.R. 160, 163 (N.D. Ill. 1994). This Court reviews the decision to impose sanctions for an abuse of discretion. *In re Rimsat, Ltd.*, 212 F.3d 1039, 1046 (7th Cir. 2000). "Unless the sanctioning court has acted contrary to the law or reached an unreasonable result, we will affirm the sanctions decision." *Id.*

## DISCUSSION

Bank of America raises three issues on appeal: (1) the validity of the bankruptcy court's January 13, 2011 order granting Knight's Motion to Enforce; (2) the validity of the bankruptcy court's January 26, 2011 order imposing sanctions; and (3) a constitutional violation stemming from the bankruptcy court's decision to impose sanctions without providing notice or an opportunity to

6

respond.

I. **Sanctions**

The Court first considers Bank of America's due process challenge, which this Court reviews de novo. *See Meyer*, 36 F.3d at 1378.

Bank of America alleges that the bankruptcy court deprived it of its due process rights to have an adequate opportunity to be heard before imposing sanctions. "Providing an opportunity to be heard includes giving an attorney against whom a court is considering imposing sanctions the chance to present his or her case at a meaningful time in a meaningful manner, but a hearing is not invariably required before sanctions may be imposed." *Rimstat*, 212 F.3d at 1046.

Here, the motion for fees was raised in Knight's Motion to Enforce, filed on January 10th and noticed for a hearing on January 13th. Therefore, the Court finds that Bank of America had notice of the motion and that the decision to impose sanctions was not made sua sponte. *See, e.g., Prosser v. Prosser*, 186 F.3d 403 (3d Cir. 1999) (reversing a sua sponte sanctions order that was entered after final judgment). Nonetheless, Bank of America was also entitled to a meaningful opportunity to be heard. While the bankruptcy court was not obligated to hold a hearing on the sanctions, it was obligated to allow Bank of America the chance to meaningfully present its case. The transcript of the December 14th hearing demonstrates that Bank of America attempted to respond to the sanctions issue several times but was not permitted to do so before it had a chance to defend its decision to file the unfinished complaint for in camera review. Moreover, Bank of America explicitly sought the opportunity to respond to Knight's Motion to Enforce in writing, but the bankruptcy court denied that request. Although the imposition of the sanctions may have been warranted under the circumstances, Bank of America was sanctioned without a meaningful

opportunity to respond, and under the law, must be given that opportunity. Because the Court finds that the imposition of sanctions violated due process, it need not address whether the sanctions were meritoriously imposed, an analysis that would have been governed by an abuse of discretion standard. *See Rimsat*, 212 F.3d at 1046.

## II. Motion to Enforce

Bank of America challenges the bankruptcy court's entry of Knight's Motion to Enforce, which required Bank of America to publicly file its proposed civil complaint and to reimburse Knight for fees and costs. Given this Court's finding of a due process violation relating to the sanctions, that portion of the Motion to Enforce must be vacated. The Court also finds that the portion of the motion requiring Bank of America to file its complaint was rendered moot when Bank of America filed its complaint in district court. *See Porco v. Trs. of Ind. Univ.*, 453 F.3d 390, 394 (7th Cir. 2006) ("[i]t is well-settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. If at any stage of the proceedings, an event occurs which renders it impossible for the court to provide any effectual relief whatever, to the prevailing party, the case must be dismissed.") (internal citations and quotations omitted). Bank of America has already publicly filed a final version of its civil complaint and, as such, the order requiring it to file a complaint is no longer at issue.

## **CONCLUSION AND ORDER**

For the reasons stated, the Court finds that the imposition of sanctions without affording Bank of America a meaningful opportunity to present its case violated its due process rights. Accordingly, the Court reverses the January 26th Sanctions Order and dismisses the remaining portion of the Motion to Enforce as moot.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 2, 2011